## SIMPSON *v.* ORFORD.

This court has jurisdiction of a petition for the laying out of a highway, for the accommodation of the public, though the petitioners are in fact different from those who petitioned the selectmen.

Nor will the petition be dismissed for any difference in the two petitions, in the order of naming the termini of the route, or in describing the route, provided the court can see and know, without any possibility of mistake, from a comparison of the two petitions, that the highway which they are asked to lay out is in all respects identical with the one described in the petition to the selectmen.

THIS is a petition for a new highway in Orford, which the selectmen of Orford, upon an application to them for that purpose, refused to lay out. The petition to this court is signed by most of the signers of the petition to the selectmen; but some of those who signed the petition to the selectmen did not sign the petition to this court, and some of those who signed the petition to the court did not sign the petition to the selectmen. In both petitions the two termini are the same, and are described alike, but the order in which the termini are set forth in the petition to the selectmen is reversed in the petition to the court; that is to say, the terminus first described in the petition to the selectmen is described last in the petition to the court.

The petitioners moved that the petition be referred to the county commissioners. The town objected to the reference, and moved that the petition be dismissed, on the ground that the petitioners are not the same in both petitions, and also on account of the variance in the statement of the termini, as respects the order in which they are stated in the two petitions. It was ordered that this petition be referred to the county commissioners, if at the law term in July, then next, the court should so direct; and the questions arising upon the case were assigned to the determination of the whole court.

*Hibbard* and *Lang*, for Orford, claimed that the jurisdiction of the court in this case is purely appellate, and hence that the parties as well as the cause should be the same as before the selectmen, and that by analogy the subject matter of the litigation in both proceedings should be identical, not only in substance but in form; that the petitioners stand in the position of plaintiffs in ordinary suits, and, as in the case of several plaintiffs, they must all join in the appeal; and the dicta in *Toppan's Petition*, 24 N. H. 50, apply with equal force to all actions where there are two or more plaintiffs, in case of the death of one, in which case the action would abate but for the statute: citing *Griffin's Petition*, 27 N. H. 343; *State* v. *Pownal*, 10 Me. 24; Comp. Stat., ch 198, secs. 14, 15.

*Felton*, for the petitioners, claimed that the ruling of the court was right, citing Comp. Statutes, ch. 53, sec. 1; *Toppan's Petition*, 24 N. H. 50; *Milford's Petition*, 37 N. H. 58.

SARGENT, J. "Selectmen upon petition are authorized to lay out any new highway, or to widen or straighten any existing highway within their town, for which there shall be occasion, either for the accommodation of the public or of the person applying." Revised Statutes, ch.

49, sec. 1; Comp. Laws 135.   "Petitions relative to roads may be presented to the court, whenever the selectmen shall neglect or refuse to lay out or widen and straighten a highway in their town."   Revised Statutes, ch. 50, sec. 1; Comp. Laws 137.

We see that selectmen and courts are by our statutes authorized to act in laying out roads of two kinds, for the accommodation of the public, and of the person applying.   Should an individual apply to the select-men of the town to lay out a highway in such town for his accommodation, and they should decline to do so, and an application should be made to the court, then it would be necessary, from the nature of the case and the words of the statute, that the same individual should sign the petition to the court; for in that case neither the selectmen nor the court can lay out the road, except for the accommodation of the person apply-ing.   In such case the court would not have jurisdiction, unless both the route of the highway and the petitioner should be the same.   The route must be the same, because the court only has jurisdiction where the selectmen have refused to lay out the same road.   So also the person applying must be the same, for the same road might be necessary for the accommodation of one person and entirely unnecessary for the accommodation of another, and the court would acquire no jurisdiction unless it should appear that application had first been made to the selectmen to lay out, not only the same route, but for the accommodation of the same individual.   So far as this class of highways are concerned, the positions taken by the defendants in their brief would undoubtedly be correct. But where the petition is for a highway for the accommo-dation of the public the case is different.   There it has not been usual to have the two petitions signed by all the same persons, and no others.   There the statute does not in terms require that the signatures to both petitions

should be the same, and there would seem to be no good reason why any such requirement should be made. Nor do we deem it necessary that it should be so. "There are obvious reasons for holding a different doctrine, if it may be done consistently with the law. In such a state of the law, the death of a petitioner would defeat a proceeding altogether, if it occurred before signing the petition to be filed in court, and so also would even a refusal on the part of any one to sign such petition." *Toppan's Petition*, 24 N. H. 51. In the matter of highways, the whole proceedings are founded upon the provisions of the statute, and are regulated and governed by their own peculiar rules and regulations. When the petition is for a highway for the accommodation of the public, then, in contemplation of law, the public are for certain purposes the party, and although the petitioners are so far made parties as to be affected by the costs, yet the public rights and interests, the accommodation and convenience of that public, must be considered as paramount, and are not to be sacrificed to, or in any way affected by the convenience, or interest, or even the rights of the petitioners, as such, but only as they may constitute a part and portion of the public. The court acquire jurisdiction of the whole subject matter, as well with different petitioners as with the same, as the only question is, not whether the petitioners need the road, nor whether one set of petitioners might need it while another set would not, but whether the highway is necessary for the accommodation of the public, without regard to the names, the number or the particular interests of the petitioners. The same question precisely is thus presented to the court that was considered by the selectmen, without any regard to the fact as to whether the petitioners are the same or different. The public being thus the only party, in contemplation of law, whose accommodation, convenience and interests are to be considered, it is entirely immaterial who may act as

petitioners in thus representing the public; and there is no reason why the rights of the public should be affected by having different petitioners in court from those who petitioned the selectmen, any more than the rights of a corporation which may be a party to a suit should be affected from the fact that its members may change from time to time, and might not be the same when their cause was entered in this court as when it was first commenced before a magistrate.

But in this case, as in that of a private way, the routes described in the two petitions must be identical, and the termini must be the same; but the order in which they are named, or the use of different words in describing the route, provided the identity distinctly appears, would not seem to be material. It would be sufficient if the court can see and know, from a comparison of the two petitions, without any possibility of mistake, that the highway which they are asked to lay out is the same in all respects as the one described in the petition to the selectmen. *Milford's Petition*, 37 N. H. 57.

The exceptions must be overruled, and the

*Petition referred to the county commissioners.*